UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-101-KK-SPx** | Date: | March 14, 2025 |
|---|---|---|---|
| Title: | *Mickey Tao v. Porsche Cars North America, Inc.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Noe Ponce | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkt. 11]

## I.
## INTRODUCTION

On November 15, 2024, plaintiff Mickey Tao ("Plaintiff") filed a Complaint against defendant Porsche Cars North America Inc. ("Defendant") in San Bernardino County Superior Court, alleging violations of California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act"). ECF Docket No. ("Dkt.") 1-2, Compl. On January 15, 2025, Defendant removed the action to this Court. Dkt. 1. On February 14, 2025, Plaintiff filed the instant Motion to Remand ("Motion"). Dkt. 11, Mot.

The Court finds this matter appropriate for resolution without oral argument. See Fed. R. Civ. P. 78(b); L.R. 7-15. For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## II.
## BACKGROUND

On November 14, 2024, Plaintiff filed the operative Complaint against Defendant in state court. Compl. Plaintiff alleges on August 15, 2023, she bought a 2024 Porsche Macan GTS ("Subject Vehicle"). Id. at 7. Plaintiff's claims arise from the Subject Vehicle having "serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to the liftgate, latch, liftgate not latching, loud beep being heard when closing the trunk, needing to apply pressure for the trunk to latch properly, trunk not

fully latching, lid lock, latch sporadic failure, latch not closing, electronics body control module, and other defects." Id. ¶ 8. Based upon these allegations, Plaintiff asserts claims for (1) violation of the Song-Beverly Act for breach of express warranty, (2) violation of the Song-Beverly Act for breach of implied warranty, and (3) violation of the Song-Beverly Act, California Civil Code Section 1793.2(b). Id. at 5-9.

On December 16, 2024, Defendant was served with a copy of the summons and Complaint. Dkt. 1 at 2.

On January 14, 2025, Defendant filed an Answer in San Bernardino County Superior Court. Dkt. 1-3. On January 15, 2025, Defendant filed a Notice of Removal. Dkt. 1. In support of its Notice of Removal, Defendant filed a declaration by Ashleigh K. Gideon ("Gideon Decl."). Dkt. 1-1. Defendant asserts the Court has jurisdiction pursuant to 28 U.S.C. § 1332, stating Plaintiff and Defendant are citizens of different states, and the amount in controversy exceeds $75,000. Dkt. 1 at 3-9.

On February 14, 2025, Plaintiff filed the instant Motion arguing Defendant "does not appear to be able to meet its burden of proving that this Court has removal jurisdiction[.]" Mot. at 3.

On February 27, 2025, Defendant filed an Opposition to the Motion. Dkt. 12.

On March 6, 2025, Plaintiff filed a Reply in support of the Motion. Dkt. 17.

This matter, thus, stands submitted.

## III.
## LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which a federal court could exercise original jurisdiction. When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties and (2) an amount in controversy over $75,000. 28 U.S.C. § 1332; see Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

"A plaintiff who contests the existence of removal jurisdiction may file a motion to remand, see 28 U.S.C. § 1447(c), the functional equivalent of a defendant's motion to dismiss for lack of subject-matter jurisdiction under [Federal Rule of Civil Procedure] 12(b)(1). As under Rule 12(b)(1), a plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations[.]" Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the plaintiff's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." Id. (quoting Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004) (internal quotation marks omitted). Under a facial attack, the defendant is not required to present evidence in support of removal jurisdiction. Ehrman v. Cox Commc'ns, Inc., 932 F.3d 1223, 1228 (9th Cir. 2019). In contrast, a factual attack "contests the truth of the

[defendant's] factual allegations, usually by introducing evidence outside the pleadings." Id. (quoting Salter v. Quality Carriers, Inc., 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks omitted). Only upon a factual attack must a defendant support its allegations by a preponderance of the evidence with competent proof. Leite, 749 F.3d at 1122.

The Song-Beverly Act does not provide for punitive damages, but "[c]ourts have held that the civil penalty under [Song-Beverly] is akin to punitive damages, because both have the dual effect of punishment and deterrence for defendants." Id. (citations omitted).

## IV.
## DEFENDANT SUFFICIENTLY PLEADS REMOVAL JURISDICTION

As an initial matter, the parties do not dispute complete diversity exists between Plaintiff, a citizen of California, and Defendant, a citizen of Delaware and Georgia. See dkts. 11, 12, 17.

Instead, Plaintiff makes a facial attack on the amount in controversy, arguing Defendant's allegations are insufficient. Mot. As a preliminary matter, contrary to Plaintiff's assertion, Defendant need not produce evidence to survive a facial attack on jurisdiction. Ehrman, 932 F.3d at 1228. Moreover, the Court finds Defendant's jurisdictional allegations satisfy its burden of pleading the amount in controversy exceeds $75,000.

In its Notice of Removal, Defendant asserts, based on Plaintiff's Complaint, the amount in controversy is met because Plaintiff's actual damages are "$112,503.75 (the total sales price of her vehicle, minus a mileage offset, minus optional service contracts, plus estimated DMV registration)[.]" Gideon Decl. ¶ 9. The Court must also include reasonable attorneys' fees in determining the amount in controversy. Fritsch v. Swift Transp. Co. of Arizona, LLC, 899 F.3d 785, 794 (9th Cir. 2018) ("Because the law entitles [plaintiff] to an award of attorneys' fees if he is successful, such future attorneys' fees are at stake in the litigation, and must be included in the amount in controversy."). Further, Defendant notes Plaintiff is seeking "a civil penalty in the amount of two times Plaintiff's actual damages." Compl. at 9. Civil penalties under the Song-Beverly Act are properly considered in determining the amount in controversy. Brady v. Mercedes-Benz USA, Inc., 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002) (citing Davenport v. Mut. Ben. Health & Acc. Ass'n, 325 F.2d 785, 787 (9th Cir. 1963)). Therefore, Defendant alleges, at minimum, an amount in controversy in excess of $334,511.28 based on $112,503.75 in actual damages, reasonable attorneys' fees, and $225,007.50 in civil penalties pursuant to the Song-Beverly Act. Dkt. 1 at 4-5. These allegations are sufficient to establish an amount in controversy well over $75,000, as required for diversity jurisdiction.

Thus, accepting Defendant's allegations of the amount in controversy, which are based on the Complaint, the Court finds Defendant has adequately pled the amount in controversy. See Brady, 243 F. Supp. 2d at 1007-1010. Accordingly, Defendant has met its burden for removal jurisdiction at this stage. Thus, Plaintiff's Motion is **DENIED**.

///

///

///

V.
**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Remand, dkt. 11, is **DENIED**.[1]

**IT IS SO ORDERED**.

---

[1] The Court finds the instant Motion borderline frivolous and warns Plaintiff that future frivolous filings, which result in the unnecessary expenditure of judicial resources, will result in sanctions.